UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR OROZCO JARACUARO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General, et al.,<br><br>Respondents. | Case No.: 3:25-cv-03652-RBM-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Docs. 1–3]** |

Pending before the Court are Petitioner Salvador Orozco Jaracuaro's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (Doc. 1), Emergency Motion for Immediate Hearing and Release, or, in the Alternative, Constitutional Bond Hearing (Doc. 2), and Motion to Expedite Habeas Corpus Proceedings (Doc. 3) (together with Doc. 2, "the Motions to Expedite"). For the reasons set forth below, the Court **GRANTS** the Petition.

## I.   BACKGROUND

Petitioner is a noncitizen who entered the United States as a teenager and has resided here for the vast majority of his life. (Doc. 1 at 2.) He has been detained by Respondents since July 9, 2025. (*Id.* at 4.) On December 8, 2025, the immigration judge denied Petitioner's motion for a custody redetermination hearing. (*See id.*) A Ninth Circuit Petition for Review is pending, and merits proceedings are scheduled for April 2026. (*Id.*)

On December 18, 2025, Petitioner filed the Petition (Doc. 1) and Motions to Expedite. (Doc. 2, 3.) The next day, the Court set a briefing schedule. (Doc. 5.) On

December 23, 2025, Respondents filed their Response to Petition ("Response"). (Doc. 6.) On December 24, 2025, Petitioner filed his Reply. (Doc. 8.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his continued detention without a bond hearing violates the Fifth Amendment's Due Process Clause. (Doc. 1 at 4–6.) Respondents concede that Petitioner, as a class member of the Bond Eligible Class certified in *Bautista v. Santacruz*,[1] is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing. (Doc. 6 at 2.) Because the Parties agree that Petitioner is detained under § 1226, the Court grants the Petition.

## IV. CONCLUSION[2]

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly, the Court **ORDERS**:

---

[1] *See Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

[2] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

1. Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) **within seven days** of the entry of this Order.[3]  At the bond hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence,[4] that Petitioner poses a danger to the community or a risk of flight.[5]

2. If the bond hearing is not conducted **within seven days** of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

3. The Motions to Expedite (Docs. 2, 3) are **DENIED AS MOOT**.

   **IT IS SO ORDERED.**

DATE:  December 24, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3]  *See Arce-Cervera v. Noem*, Case No. 2:25-cv-01895-RFB-NJK, 2025 WL 3017866, at *7–8 (D. Nev. Oct. 28, 2025).

[4]  *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[5]  This relief has been granted in similar matters. *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, — F. Supp. 3d —, 2025 WL 2689266, at *7–10 (N.D. Cal. Sept. 19, 2025); *Lepe v. Andrews*, — F. Supp. 3d —, 2025 WL 2716910, at *10 (E.D. Cal. Sept. 23, 2025).